[Civ. No. 1059. Fourth Appellate District.—October 6, 1933.]

B. A. SWEET, Appellant, v. VISTA IRRIGATION DISTRICT, Respondent.

A. L. Hubbell for Appellant.

A. M. Thompson for Respondent.

JENNINGS, J.—This appeal has been taken from the judgment of the trial court dismissing the action and awarding costs to the defendant and from the court's order sustaining defendant's demurrer to plaintiff's amended complaint without leave to amend. Since the order sustaining the demurrer furnished the basis for the judgment of dismissal, plaintiff makes this order the special object of attack on his appeal.

The amended complaint contains the following allegations: That in the month of July, 1931, defendant published a notice inviting bids for trenching and for hauling and welding steel pipe; that pursuant to said call for bids plaintiff submitted his proposal for doing the work and that when the bids were opened it was discovered that plaintiff's proposal was the lowest bid submitted and it was accordingly accepted by defendant; that an outline of work and specifications therefor were presented to plaintiff by defendant; that on August 8, 1931, plaintiff and defendant entered into a written contract for the performance of the aforesaid work; that the outline of the work provided that plaintiff should do all the work required by the contract within one year and that each portion of the work to be done by plaintiff should be commenced within twenty-four hours after notice given to plaintiff by the engineer-manager of defendant; that said officer directed plaintiff to do certain trenching and hauling and welding and that pursuant to such direction plaintiff trenched and hauled and welded 6,848 feet of pipe; that plaintiff performed all conditions of the agreement which were required of him and has been ready and willing at all times to complete the work according to the contract but that defendant failed, neglected and refused to direct plaintiff to perform the balance of the

work required by the contract to plaintiff's damage in the sum of $2,727.12.

By appropriate reference the written contract executed on August 8, 1931, and the various preliminary instruments consisting of the notice inviting bids, plaintiff's proposal, the outline of work, and specifications for the work were incorporated into the complaint. It may be observed that the aforesaid preliminary instruments were likewise declared to be essential portions of the contract by specific reference and that copies of said instruments were attached to said contract.

The opening paragraph of the notice inviting bids is in the following language: "Sealed bids are invited for trenching approximately 46,000 feet of trench at an average size of 18″x36″ and hauling and welding approximately 46,000 feet of Matheson steel pipe ranging from 8″ to 4″ in diameter."

This language forms the basis for appellant's argument that the contract between the parties contemplated the trenching of approximately 46,000 feet of trench and the hauling and welding of approximately 46,000 feet of pipe by appellant and that the complaint which alleged appellant's readiness to perform fully his part of the agreement and respondent's failure and refusal to direct trenching and hauling and welding pipe in excess of 6,848 feet sufficiently alleged facts constituting a cause of action for breach of contract and was not therefore vulnerable to respondent's general demurrer. In this connection, it is urged that the word "approximately" is equivalent to "about" and that it cannot be maintained that a direction to do so small a part of the work as was ordered to be done by respondent amounted to substantial compliance with its contract.

If respondent's invitation for bids and the contract entered into between the parties can be construed as a contract for trenching "about" 46,000 feet of trench and for hauling and welding "about" 46,000 feet of pipe, there is obviously much merit in appellant's contention.

It must, however, be observed that respondent's invitation for bids contains the following pertinent language: "Work to be done under this proposed contract will embrace all trenching and welding to be done by the district for one year from date of contract." It must also be observed that

appellant's proposal to do the work contains the following language: "The undersigned understands that the quantities in the schedule (forming part of the proposal and indicating approximate length of various kinds and sizes of trench and approximate length of various kinds of pipe of different diameters) are only approximate to be used for estimating purposes." The outline of work contains the following language: "The work contemplated under this contract is for all trenching and backfill, and hauling and welding steel pipe for the Vista Irrigation District for a period of one year from the date of contract, together with such extension of time not to exceed thirty (30) days as may be agreed upon by both parties."

"The work to be done will be done as occasion arises for it. The work shall consist of all trenching and backfill, and hauling and welding of steel pipe for the District. . . . "

It is a fundamental rule for the interpretation of contracts that the intention of the parties is to be gathered from the whole instrument, taking it by its four corners. (Sec. 1641, Civ. Code; 6 Cal. Jur., p. 258.) This rule is obviously not carried into effect if, in the attempt to interpret an agreement, some one clause is selected without consideration of other parts of the instrument.

When this rule is applied to the contract which is the basis for the cause of action attempted to be alleged in the complaint under consideration it is apparent that it was the intention of the parties to provide for the accomplishment of all trenching work and the hauling and welding of all pipe which should be required by respondent during the period of one year. This is clearly stated in the notice inviting bids, the initial instrument in the series of instruments which preceded the execution of the contract. This dominating intention is again made manifest in the outline of work. That appellant understood that the contract which would presently be executed was to embrace all work of the character specified which would be required by respondent during the period of one year and realized that the quantities specified in the invitation for bids were merely approximate estimates is made clear by the following language contained in his proposal: "The undersigned understands that the quantities in the schedule are only approximate to be used for estimating purposes." While the

schedule to which reference is thus made is appellant's schedule contained in the proposal and in it are detailed approximate lengths of various kinds of trench work and approximate lengths of various kinds and sizes of pipe, the use of the word "understands" is significant and indicates a realization on appellant's part that the quantities specified in respondent's invitation for bids, which quantities are carried into the schedule and form the total quantities of the various kinds of trench and the different kinds and sizes of pipe, were merely the quantities which it was estimated would be required during the period limited by the contract.

The decision in *Hackett* v. *State*, 103 Cal. 144 [37 Pac. 156, 157], is apropos to the problem which is here presented and, in our opinion, is decisive of it. In this case an action was instituted by the assignee of a corporation which had entered into a contract with the state board of harbor commissioners for the construction of a section of sea-wall and thoroughfare and wharf along the waterfront of the city of San Francisco. The complaint set forth the execution of the contract by which it was alleged that the contractor agreed to furnish and the state of California agreed to buy 216,000 tons of stone at a specified price per ton and 285,000 cubic yards of earth at a stated price per cubic yard; that the contractor was ready and willing and offered to furnish the aforesaid quantities of the materials but that the board of harbor commissioners would accept no more than 119,025 86/100 tons of stone and 272,499 2/10 cubic yards of earth. The prayer of the complaint was for the recovery of $55,000 which was the amount plaintiff would have been entitled to receive under the terms of the contract for the difference between the quantities specified in the contract and the quantities actually accepted. A demurrer to the complaint was sustained and plaintiff declining to amend, judgment was entered in defendant's favor and plaintiff appealed therefrom. The statement of facts shows that the notice inviting bids for doing the work described the work to be done and gave the dimensions of the sea-wall and thoroughfare and the earth embankment. The notice stated that "it is estimated by the chief engineer of the board that it will take 216,000 tons of rock". The successful contractor's bid proposed to furnish 216,000 tons of

rock and 285,000 cubic yards of earth at specified prices. The contract which was made by the parties contained the following statement: "The stone embankment will contain about 216,000 tons of stone; the earth embankment about 285,000 cubic yards of broken stone, sand, or other suitable material. . . . " It was plaintiff's contention that the contract called for the furnishing of a definite quantity of stone and earth and that the complaint which fully set forth the making of the contract and defendant's refusal to accept the entire amount of material specified therein properly alleged a cause of action for its breach and that therefore the trial court erred in sustaining the demurrer. The contention thus advanced did not prevail. The Supreme Court interpreted the contract as being one that called for the construction of certain specified embankments in which it was estimated that certain quantities of specified materials would be used but that the quantities stated were mere estimates of the amounts which it was anticipated would be required in the construction and that the fact which later developed that a very much smaller quantity of stone and a somewhat smaller quantity of earth were required than the quantities estimated could not alter the contract which provided for the construction of designated work and that the defendant was not bound to accept any greater quantities of materials than were actually used.

The reasoning of the court in the aforesaid case is pertinent to the very similar problem which is here presented. The contract alleged in the complaint contemplated the doing of all work of the character specified which the respondent would require to be done in a limited period of time. It was estimated that respondent would require the trenching of approximately 46,000 feet of trench and the hauling and welding of approximately 46,000 feet of pipe within the limited period. It developed that a very much smaller amount of such work was actually required by respondent during the period. In this appellant has no cause for complaint. His contract provided that he should do all the work required by respondent during the period. So far as the complaint shows he was directed by respondent's engineer to do all of the sort of work specified in the contract which was required by the district during the term

of the contract. The complaint did not therefore state facts which constituted a cause of action for breach of contract and the demurrer thereto was properly sustained.

We are not impressed by appellant's argument that the outline of work required appellant to keep his equipment idle when it was not being used in the performance of work for respondent. All that is stated in this connection is that appellant "will be required to start on each individual job upon 24 hours' written notice. . . . " This was an entirely reasonable condition which appellant accepted with full knowledge, so far as is shown, that the amount of work which would be required was indefinite and might be materially less than the amount estimated.

For the reasons stated the judgment and order from which this appeal has been taken are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1933.